**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30081 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00023-RSM |
| v. | |
| CHARLES DEVILLE NASH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Charles Deville Nash appeals from the district court's judgment and challenges the restitution order imposed following his guilty-plea conviction for human trafficking, in violation of 18 U.S.C. § 1590. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contrary to the government's contention, Nash's challenge to the district court's restitution order is not barred by the appeal waiver in the plea agreement because the agreement does not contain an estimate of the restitution amount. *See United States v. Tsosie*, 639 F.3d 1213, 1218 (9th Cir. 2011).

Nash contends that there was no evidence of ill-gotten gain or monetary loss to the victims. The relevant statute, however, provides that the restitution order should compensate "the full amount of the victim's losses" and that such losses may be equivalent to "the gross income or value to the defendant of the victim's services or labor." 18 U.S.C. § 1593(b)(1), (3).

Nash further contends that the district court erred by relying on the grand jury testimony of the victims to calculate the restitution amounts of $117,000 to victim A.M. and $100,500 to victim J.D., and by allegedly including periods during which the victims could not have been under Nash's control. We review the factual findings supporting a restitution order for clear error and the district court's valuation methodology de novo. *See United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir. 2007). The district court did not err by relying on the victims' sworn statements and the corroborating extrinsic evidence to establish the amounts earned and the time periods during which the victims were under Nash's control. The district court appropriately "estimate[d], based upon facts in the record," the

victims' losses "with some reasonable certainty."  *United States v. Doe*, 488 F.3d

1154, 1160 (9th Cir. 2007).

Finally, Nash's contention that the restitution is disproportionate to his

conduct lacks merit.  *See United States v. Dubose*, 146 F.3d 1141, 1145 (9th Cir.

1998) ("Where the amount of restitution is geared directly to the amount of the

victim's loss caused by the defendant's illegal activity, proportionality is already

built into the order." (internal quotations omitted)).

**AFFIRMED.**